Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>EDWIN OMAR DÍAZ SANTIAGO<br><br>Peticionario | TA2025CE00205 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso núm.: D VD2025-1274 al 1285 (601)<br><br>Por: Art. 93 CP 2012 y Ley de Armas |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Sánchez Ramos, la Jueza Romero García y el Juez Pérez Ocasio.

Sánchez Ramos, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 15 de agosto de 2025.

Luego de examinar un vídeo de las cámaras de un negocio, el Tribunal de Primera Instancia ("TPI") determinó que el mismo no constituye prueba exculpatoria que tenga que ser divulgada a la defensa en la etapa de vista preliminar. Según se explica a continuación, hemos determinado, en el ejercicio de nuestra discreción, declinar la invitación del imputado a intervenir con lo actuado por el TPI.

I.

Contra el Sr. Edwin Omar Díaz Santiago (el "Imputado" o "Peticionario") se presentaron varias denuncias relacionadas con el asesinato de dos personas.

En junio de 2025, el Imputado presentó una *Moción Solicitando Divulgación Prueba Exculpatoria y/o Beneficiosa* (la "Moción"). Expuso que, aunque se le imputa asesinar a dos personas y herir a tres, "en el negocio El Cruce en Corozal" (el "Segundo Negocio"), en realidad él estaba en el "negocio la K-Zona" (el "Primer Negocio"). Señaló que una agente de la Policía "se llevó

… todo el equipo de grabación" del Primer Negocio. Arguyó que era "esencial … tener acceso a dicho vídeo pues del mismo se desprende" su presencia en el Primer Negocio la noche de los hechos. Planteó que, para "conformar" su defensa de coartada, era esencial "tener disponible dicho vídeo antes de la vista preliminar".

El Ministerio Público se opuso a la Moción. Aseveró que, de una declaración jurada, usada para obtener una orden de allanamiento en el caso, surgía que, aunque en el vídeo del Primer Negocio "se observa" al Imputado y a varias de las víctimas, "luego de que las víctimas salen de dicho negocio, el [Imputado] no se observa en el vídeo por un período de tiempo y, un tiempo después de los hechos acontecidos en [el Segundo Negocio], se vuelve a observar al imputado en el [Primer Negocio] nuevamente." Por tanto, el Ministerio Público arguyó que el vídeo, no solo no era exculpatorio, sino que era incriminatorio.

Mediante una Resolución de 15 de julio de 2025 (la "Resolución"), el TPI denegó la Moción. El TPI consignó que había examinado el "vídeo de las cámaras de seguridad" del Primer Negocio, y que el mismo "no es prueba exculpatoria y/o beneficiosa para la defensa".

Inconforme, el 28 de julio, el Imputado presentó el recurso que nos ocupa, en el cual reproduce lo planteado en la Moción. El Imputado también nos solicitó, dos veces, la paralización del proceso ante el TPI, lo cual denegamos en ambas ocasiones.

El Procurador General se opuso a la expedición del auto solicitado. Subrayó que el vídeo era "incriminatorio", y que la defensa no tenía derecho a inspeccionar el mismo "en esta etapa" (vista preliminar). Advirtió que el derecho de un imputado a descubrir prueba, de conformidad con la Regla 95 de las de Procedimiento Criminal (34 LPRA Ap. II), se activa una vez

presentada la acusación, lo cual no ha ocurrido en este caso, pues la vista preliminar aún no ha concluido.  Disponemos.

II.

Distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo.  Véase, *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró,* 165 DPR 324, 334 (2005).  El *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos." *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).  Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

III.

Evaluada la totalidad del expediente ante nuestra consideración, a la luz de los criterios reseñados, y en el ejercicio de nuestra discreción, hemos determinado declinar la invitación del peticionario a intervenir con la Resolución. Nuestra intervención, en esta etapa, dilataría innecesariamente el proceso de referencia. Además, la Moción está predicada en una conjetura del Imputado en torno a lo que el vídeo demuestra, la cual, por cierto, es contraria a la apreciación del tribunal que sí revisó el vídeo. En cualquier caso, de ser acusado formalmente, el Imputado podrá, oportunamente, solicitar el, o acceder al, vídeo objeto de la Moción. Resaltamos que la etapa de la vista preliminar no es, ni debe convertirse en, un mini-juicio.

Por los anteriores fundamentos, **denegamos** la expedición del auto de *certiorari* solicitado.

Notifíquese inmediatamente.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones